Charles S. Embry, Jr. Embry Law Firm 220 N. Willow, Suite 118 North Little Rock, AR 72114
Dear Mr. Embry:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. I previously rejected two similar submissions due to ambiguities in the texts of your proposed amendments. See Ops. Att'y Gen. 2002-011 and 2001-397. More recently, I revised and certified the popular name and ballot title for another similar measure, as evidenced by Op. Att'y Gen. 2002-028. You have since withdrawn that approved submission, made additional changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN AMENDMENT TO PERMIT THE SALE OF ALCOHOLIC BEVERAGES IN" DRY" AREAS OF THE STATE BY SPECIFIED ESTABLISHMENTS AND TO IMPOSE A SPECIAL 2% TAX ON THE WHOLESALE SALE OF ALCOHOLIC BEVERAGES
 Ballot Title AN AMENDMENT TO THE STATE CONSTITUTION TO PERMIT ANY RESTAURANT THAT SEATS AT LEAST 50 PEOPLE LOCATED IN ANY "DRY" COUNTY OR ANY "DRY" AREA OF A "WET" COUNTY TO SELL LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES AS DEFINED, FOR ON-PREMISES CONSUMPTION; TO PERMIT ANY LARGE MEETING OR ATTENDANCE FACILITY, AS DEFINED, LOCATED IN ANY "DRY" COUNTY OR ANY "DRY" AREA OF A "WET" COUNTY TO SELL ALCOHOLIC BEVERAGES FOR CONSUMPTION ANYWHERE ON ITS PREMISES SO LONG AS THE FACILITY HOUSES A FOOD-SERVICE FACILITY SEATING AT LEAST 100 PEOPLE; TO PERMIT ANY GROCERY STORE LOCATED IN ANY "DRY" COUNTY OR ANY "DRY" AREA OF A "WET" COUNTY TO SELL WINE AND BEER IN CLOSED CONTAINERS FOR OFF-PREMISES CONSUMPTION; TO PERMIT ANY GROCERY STORE LOCATED IN A "WET" COUNTY OR A "DRY" AREA OF A "WET" COUNTY TO SELL WINE AND BEER IN CLOSED CONTAINERS FOR OFF-PREMISES CONSUMPTION; TO DIRECT THE LEGISLATURE TO IMPOSE A SPECIAL 2% TAX ON THE WHOLESALE SALE OF ALL ALCOHOLIC BEVERAGES WITH THE PROCEEDS TO BE PAID AND DEDICATED TO THE ARKANSAS DEPARTMENT OF HUMAN SERVICES; TO PROVIDE THAT NOTHING IN THE AMENDMENT SHALL BE CONSTRUED AS LIMITING THE POWER OF OTHER PROPER STATE OR LOCAL GOVERNMENTAL BODIES TO REGULATE THE OPERATION OF RESTAURANTS OR GROCERY STORES AS MAY BE NECESSARY FOR THE PROTECTION OF PUBLIC SAFETY; TO REPEAL ANY AND ALL LAWS, REGULATIONS OR LOCAL OPTION ELECTION RESULTS THAT CONFLICT WIT THIS AMENDMENT; TO DIRECT THAT THE LEGISLATURE CONVENE 30 DAYS AFTER THE PASSAGE OF THIS AMENDMENT IN ORDER TO ENACT ALL LAWS IT DEEMS NECESSARY TO IMPOSE THE SPECIAL 2% TAX, TO SET THE DATE ON WHICH THE TAX SHALL COME INTO EFFECT, TO PROVIDE FOR THE COLLECTION AND MANAGEMENT OF FUNDS GENERATED FROM THE TAX, AND OTHERWISE TO CARRY OUT THE INTENT AND PURPOSES OF THE AMENDMENT; AND TO PROVIDE THAT PROVISIONS OF THE AMENDMENT SHALL BE SEVERABLE AND SHALL TAKE EFFECT AND BECOME OPERATIVE ON THE DATE OF PASSAGE.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, I hereby certify as submitted the popular name of your proposed amendment. However, I will substitute a more suitable, complete, and correct ballot title for the one proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title AN AMENDMENT TO THE STATE CONSTITUTION TO PERMIT ANY RESTAURANT THAT SEATS AT LEAST 50 PEOPLE LOCATED IN ANY "DRY" COUNTY OR ANY "DRY" AREA OF A "WET" COUNTY TO SELL LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES AS DEFINED, FOR ON-PREMISES CONSUMPTION; TO PERMIT ANY LARGE MEETING OR ATTENDANCE FACILITY, AS DEFINED, LOCATED IN ANY "DRY" COUNTY OR ANY" DRY" AREA OF A "WET" COUNTY TO SELL ALCOHOLIC BEVERAGES FOR CONSUMPTION ANYWHERE ON ITS PREMISES SO LONG AS THE FACILITY HOUSES A FOOD-SERVICE FACILITY SEATING AT LEAST 100 PEOPLE; TO PERMIT ANY GROCERY STORE LOCATED IN ANY" DRY" COUNTY OR ANY "DRY" AREA OF A "WET" COUNTY TO SELL WINE AND BEER IN CLOSED CONTAINERS FOR OFF-PREMISES CONSUMPTION; TO PERMIT ANY GROCERY STORE LOCATED IN A "WET" COUNTY TO SELL WINE AND BEER IN CLOSED CONTAINERS FOR OFF-PREMISES CONSUMPTION; TO DIRECT THE LEGISLATURE TO IMPOSE A SPECIAL 2% TAX ON THE WHOLESALE SALE OF ALL ALCOHOLIC BEVERAGES WITH THE PROCEEDS TO BE PAID AND DEDICATED TO THE ARKANSAS DEPARTMENT OF HUMAN SERVICES; TO PROVIDE THAT NOTHING IN THE AMENDMENT SHALL BE CONSTRUED AS LIMITING THE POWER OF OTHER PROPER STATE OR LOCAL GOVERNMENTAL BODIES TO REGULATE THE OPERATION OF RESTAURANTS OR GROCERY STORES AS MAY BE NECESSARY FOR THE PROTECTION OF PUBLIC SAFETY; TO REPEAL ANY AND ALL LAWS, REGULATIONS OR LOCAL OPTION ELECTION RESULTS THAT CONFLICT WITH THIS AMENDMENT; TO DIRECT THAT THE LEGISLATURE CONVENE 30 DAYS AFTER THE PASSAGE OF THIS AMENDMENT IN ORDER TO ENACT ALL LAWS IT DEEMS NECESSARY TO IMPOSE THE SPECIAL 2% TAX, TO SET THE DATE ON WHICH THE TAX SHALL COME INTO EFFECT, TO PROVIDE FOR THE COLLECTION AND MANAGEMENT OF FUNDS GENERATED FROM THE TAX, AND OTHERWISE TO CARRY OUT THE INTENT AND PURPOSES OF THE AMENDMENT; AND TO PROVIDE THAT PROVISIONS OF THE AMENDMENT SHALL BE SEVERABLE AND SHALL TAKE EFFECT AND BECOME OPERATIVE ON THE DATE OF PASSAGE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General